DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Charlie Jones ,                                          )
                                                         )       CASE NO. 4:06 CV 1720
                    Petitioner,                          )       CASE NO. 4:92 CV 447
                                                         )
        v.                                               )
                                                         )       <u>MEMORANDUM OPINION</u>
United States of America, et al.,                        )       (Resolving Doc. No. 1)
                                                         )
                    Respondents.                         )
                                                         )

On July 17, 2006 <u>pro</u> <u>se</u> petitioner Charlie Jones filed his most recent petition for writ of

habeas corpus in this Court pursuant to 28 U.S.C. Section 2255. The statute provides in part that

"[t]he sentencing court shall not be required to entertain a second or successive motion for

similar relief on behalf of the same prisoner." See also 28 U.S.C. Section 2244(a). For the

following reasons, the Court concludes this is a successive motion for similar relief and it is

therefore denied.

### ***Background***

Petitioner was indicted in the United States District Court for the Northern District of

Ohio on December 8, 1992 in Case No. 4:92CR447.  The indictment charged petitioner with

being a felon in possession of a firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(e).

Petitioner pled not guilty and the matter was tried to the Court.  The Court found petitioner guilty

of the charges.  At sentencing, he was subjected to an armed career criminal enhancement under

18 U.S.C. 924(e) and received a sentence of 192 months in prison.

Petitioner appealed the Court's determination and on appeal, the Sixth Circuit affirmed

petitioner's conviction and sentence. No. 94-3715, 1995WL149093 (6th Cir. April 4,1995).

(5:06 CV 1094)

Petitioner then filed his first 28 U.S.C. 2255 motion, Jones v. United States, 5:95CV1506 (N.D. Ohio July 11, 1995).  On March 5, 1996 the Court denied the motion.  Petitioner appealed the denial of his first 2255 motion and on appeal, the Court was again affirmed. Jones v. United States, 100 F.3d 956, 1996WL636160 (6th Cir. October 30, 1996).

In the first 2255 motion, the Court summarized petitioner's four claims as follows:

1.The indictment was "tainted" because he was never convicted of any offense involving a firearm or use of force.
2. The Court relied on a Pre-sentence Report which was false to the extent that it stated that petitioner was convicted of "armed robbery" or an offense of violence under Ohio law;
3. There was no prior conviction upon which to base an "armed career criminal" enhancement under the Guidelines because petitioner was convicted of burglary, not armed robbery; and
4. Petitioner was denied effective assistance of counsel because counsel failed to raise these arguments on appeal and did not file for certiorari when the judgment was upheld on appeal.

Jones v. United States, Case No. 5:95CV1506, March 5, 1996 Memorandum Opinion at 2.

Also, petitioner filed a motion in August 1997 for re-sentencing, which the Court denied. More than two years later, in late 1999, petitioner filed a motion to correct the record and/or modify the sentence.  The Court denied that motion on January 14, 2000.

Petitioner has also filed two motions pursuant to 28 U.S.C. 2241 seeking habeas relief as an inmate in custody and both of those petitions have been denied. Jones v. Lamanna, 4:01CV1012 (N.D. Ohio April 26, 2001, J. Economus) affirmed  2001 WL 1355745 (6th Cir. 2001); Jones v. United States, 4:06CV629 (N.D. Ohio  J. Aldrich).[1]

_____

[1]A  28 U.S.C. Section 2241 petition, filed by Carolyn Carpenter on behalf of petitioner in 4:05CV2828 (N.D. Ohio December 11, 2005), was denied by Judge Gwin on February 27, 2006.

2

(5:06 CV 1094)

### *Discussion*

In the denial of petitioner's most recent Section 2241 motion, Judge Aldrich summarized petitioner's claims as follows:

> In his present petition before this court, Mr. Jones again attempts to vacate his sentence. He argues that he is "actually innocent" based on his interpretation of 18 U.S.C. Section 922(g), and that he was not a prohibited person as that term is applied to the United States Sentencing Guidelines in effect at the time of his arrest.

Case No. 4:06CV629 (N.D. Ohio 2006), <u>Memorandum Opinion & Order</u>, Doc. No. at 3.

After reviewing the petitioner's motion in the instant case, the Court came to understand that petitioner was making a new Section 2255 claim on the grounds of actual innocence and allowed the petitioner to supplement his application to direct the Court to evidence in the record that would demonstrate his innocence. <u>Order</u>, Docket No. 6 at 1. The Court granted petitioner this leave because there was no evidence supplied in the motion to support a claim of actual innocence.

Petitioner has responded to the Court's Order and submitted an additional brief for consideration. See Petitioner's Supplement to Petition for Writ of Habeas Corpus, Docket No. 7. However, only paragraph (C) of the Supplement addresses the issue of actual innocence wherein it states, without citation to the record, that

> [a]t the time of Petitioner's original arrest by the Youngstown Police Department, Petitioner was standing (waiting for a friend who had entered a retail establishment), temporarily in possession of the friend's firearm neither in the conduct of a crime nor the anticipation of the conduct of a crime.

With the exception of the paragraph C, the remainder of Petitioner's supplement restates his arguments related to his legal objections to the sentence.

3

(5:06 CV 1094)

Based upon the Court's review of the Section 2255 Motion and Supplement to the Motion, Petitioner has not submitted  proof of actual innocence for the Court's consideration. Paragraph C does nothing to forward petitioner's claim of actual innocence. To prevail in a Section 2255 motion on these grounds, petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  That standard has not been met in this case.

As regards petitioner's legal claim that he should not have been designated an armed career offender, the Court has rejected this claim on several occasions including petitioner's first Section 2255 motion, <u>See</u> Case No. 5:95CV1506, March 5, 1996 Memorandum Opinion at 3-4, and when the Court considered and denied petitioner's motions to correct the sentence in the original criminal action. See 4:92 CR 447, Docket Nos. 81, 84 and 87.

The Sixth Circuit has also ruled against petitioner on this issue. See <u>Jones v. United States</u>, 100 F.3d 956 (6th Cir. 1996) ("the district court properly sentenced Jones as an armed career criminal pursuant to 18 U.S.C. Section 924(e).") Other judges of this district have heard and denied petitioner's Section 2241 claims on the same and similar grounds. In the absence of evidence to demonstrate actual innocence or that a constitutional violation has occurred,  the Court finds the instant petition is successive to the first and the motion pursuant to 28 U.S.C. Section 2255 is denied.

### Conclusion

For the reasons stated, the petition is dismissed.  The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision would not be taken in good faith.

4

(5:06 CV 1094)


IT IS SO ORDERED.



 October 20, 2006                       s/ David D. Dowd, Jr.
Date                                 David D. Dowd, Jr.
                                     U.S. District Judge